**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

*Appeals Bureau*
*Barry D. Leiwant*
Attorney-in-Charge

July 7, 2023

**BY CM/ECF**

Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Centre Street
New York, New York 10007

**Re:** *United States v. Michael Avenatti,* **Nos. 22-1242, 22-2550**

**Letter Pursuant to Fed. R. App. P. 28(j) Advising the Court of *Dubin v. United States*, 143 S. Ct. 1557 (Jun. 8, 2023)**

Dear Ms. Wolfe:

Appellant respectfully submits this letter following the Court's denial of his motion to file a supplemental brief. ECF No. 102. He remains ready to fully brief these issues on an expedited basis.

In *Dubin*, the Supreme Court held that aggravated identity theft, 18 U.S.C. §1028A(a)(1), is committed only when "misuse of another person's means of identification is at the crux of what makes the underlying offense criminal." 143 S. Ct. at 1563.

Here, the evidence was insufficient under *Dubin* as to this count. The purported identity theft was the letter changing Clifford's bank account to a client trust account (3A.819). But this was not "the crux" of the wire fraud. Attorneys routinely receive client monies; indeed, the literary agent contract with Clifford was "c/o Michael Avenatti," with the firm's name and address (3A.781). Rather, "the crux" was Avenatti

allegedly converting the funds, not paying Clifford, and failing to inform Clifford (2A.527,530)(government summation describing letter as only one reason, of ten, Avenatti was guilty of wire fraud). Avenatti moved under Fed.R.Crim.P. 29 for a judgment of acquittal on this count (2A.409).

*Dubin* also provides another basis for finding the jury instructions erroneous. The aggravated identity theft instruction charged: "a person uses, transfers, or possesses a means of identification in relation to a crime if the means of identification had a purpose, role or effect with respect to the crime" (2A.557). Although Avenatti did not object, vacatur is required. *United States v. Marcus*, 560 U.S. 258 (2010)(plain error standard).

The instruction is "error" for not conveying the correct standard (misuse must be "the crux of what makes the [wire fraud] criminal"), and allowing conviction on lesser proof (district court instructed misuse need only have a "purpose, role or effect"). It is "clear or obvious," as "established at the time of the appeal." *United States v. Dussard,* 967 F.3d 149, 156 (2d Cir. 2020). It "affected substantial rights"; as shown above, there is a "reasonable probability" a jury would have acquitted. And it "seriously affects the fairness, integrity or public reputation of judicial proceedings," by confusing the jury and risking conviction absent an essential element. *United States v. Rossomando,* 144 F.3d 197, 200 (2d Cir. 1998).

Finally, for the reasons stated in Justice Gorsuch's concurrence in *Dubin* at 1574-77, Avenatti's conviction should be vacated because §1028A(a)(1) is unconstitutionally vague.

Respectfully submitted,

Kendra L. Hutchinson
Assistant Federal Defender
(212) 417-8731

cc: Government counsel (by ECF)